UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shawn Richard Anderson,

        Petitioner,

v.                                  **ORDER**
                                    Criminal No. 99-229(1) ADM/AJB

United States of America,

        Respondent.

───────────────────────────────────────────

Shawn Richard Anderson, pro se.

Jeffrey S. Paulsen, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Respondent.

───────────────────────────────────────────

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Shawn Richard Anderson's ("Anderson") Motion to Vacate, Set Aside or Correct Sentence, Pursuant to Title 28 U.S.C. § 2255 [Docket No. 340] ("Motion"). For the reasons below, Anderson's Motion is denied.

## II. BACKGROUND

On November 9, 1999, Anderson was convicted by a jury of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. July 11, 2011 Order [Docket No. 339] 1. Because of Anderson's two prior burglary convictions, he was found to be a career offender subject to § 4B1.1 of the U.S. Sentencing Guidelines ("U.S.S.G."), and in March 2000, he was sentenced to 360 months imprisonment and a five-year term of supervised release. Id. Anderson subsequently brought a 28 U.S.C. § 2255 petition, which was denied on April 14, 2003. Id.; see also April 14, 2003 Order [Docket No. 278]. Anderson then moved for

sentence reduction in 2011, arguing that he should not have been determined a career offender due to the newly decided case Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). See Mot. for Sentence Reduction [Docket No. 336]. On July 11, 2011, this Court denied Anderson's motion, finding that Carachuri-Rosendo was inapposite and, most importantly, that the United States Sentencing Commission had neither lowered the applicable guidelines range nor made such a change retroactive. July 11, 2011 Order at 2. Anderson now brings this instant motion.

### III.  DISCUSSION

Anderson's Motion is a second successive § 2255 motion. Successive § 2255 motions are subject to the requirement that the petitioner first obtain authorization from the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3). Anderson has not obtained authorization from the Court of Appeals. Accordingly, since Anderson has not sought the required pre-approval, his Motion is denied on this basis. Whitright v. Fisher, Civ. No. 11-2557, 2011 WL 4916334, at *2 (D. Minn. Sept. 19, 2011) (citing Boykin v. United States, No. 99-3369, 2000 WL 1610732 (8th Cir. 2000)) ("Without a pre-approval order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion."); McIntosh v. English, Civ. No. 12-609, 2012 WL 1247238, at *2 (D. Minn. Mar. 22, 2012) (same).

Moreover, even if Anderson were to seek authorization from the Court of Appeals, he could not show a valid basis for his successive motion. In order to grant a successive § 2255 motion, a panel of the Court of Appeals must certify that it is based on either newly discovered evidence or a new rule of constitutional law made retroactive. See 28 U.S.C. § 2255(h). Anderson does not argue that his motion is based on newly discovered evidence; rather, he

merely contends that the United States Supreme Court created a new rule of constitutional law, to be retroactively applied, in Carachuri-Rosendo, 130 S. Ct. 2577.  Both Carachuri-Rosendo and the Eighth Circuit Court of Appeals' interpretation of that decision in United States v. Haltiwanger, 637 F.3d 881 (8th Cir. 2011), considered the circumstances under which a defendant's individual criminal history dictates that a prior felony conviction be treated as a misdemeanor.  However, the United States Supreme Court has not declared this new rule of constitutional law retroactive.  See Rodgers v. United States, 229 F.3d 704, 706 (8th Cir. 2000) (quoting In re Vial, 115 F.3d 1192, 1197 (4th Cir. 1997)) (citation omitted) ("[A] new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding.").  Therefore, the reasoning of these cases would not retroactively alter Anderson's sentence.

Further, Anderson's situation is markedly different than those present in Carachuri-Rosendo and Haltiwanger.  Unlike those cases, both of Anderson's prior burglary convictions carried terms of imprisonment greater than one year.  See Minn. Stat. §§ 609.582(2)-(3) (1988) (permitting up to a ten-year sentence for second-degree burglary and up to a five-year sentence for third-degree burglary).  Accordingly, Anderson's two prior burglary convictions were appropriately determined to be two prior felony convictions triggering the career offender status.  See U.S.S.G. §§ 4B1.1–2.  For all these reasons, the reasoning of Haltiwanger and Carachuri-Rosendo, even if applied retroactively, would not serve to alter the career offender determination for Anderson.

## IV.  CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  Such a showing requires that "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that any other court would decide the issues raised in this motion differently, or that any of the issues raised in Anderson's motion would incite debate among reasonable jurists.  Therefore, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Shawn Richard Anderson's Motion to Vacate, Set Aside or Correct Sentence, Pursuant to Title 28 U.S.C. § 2255 [Docket No. 340] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 24, 2012.